```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PRISCILLA MARLENE WELCH,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       17-CV-6764 (JS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Daniel Adam Osborn, Esq.
                    Osborn Law
                    43 West 43rd Street, Suite 131
                    New York, New York 10036

For Defendant:      Mary M. Dickman, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York 11722
```

SEYBERT, District Judge:

Plaintiff Priscilla Marlene Welch ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's (the "Commissioner") denial of her application for social security disability insurance benefits. (Compl., D.E. 1, ¶¶ 1-10.) Pending before the Court are the parties' cross-motions for judgment on the pleadings. (Pl. Mot., D.E. 13; Comm'r Mot., D.E. 17.) For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

BACKGROUND[1]

On April 7, 2015, Plaintiff filed for disability insurance benefits, alleging that since March 13, 2015, sarcoidosis (lung and liver), bipolar disorder, a hysterectomy, and temporomandibular joint dysfunction ("TMJ") have rendered her disabled. (R. 62; see also R. 183.) After Plaintiff's claim was denied, (R. 73-76), she requested a hearing before an Administrative Law Judge ("ALJ"), (R. 80). On November 29, 2016, Plaintiff appeared with her attorney for a hearing, during which a vocational expert ("VE") testified. (Hr'g Tr., R. 29-61.) In a decision dated May 26, 2017, the ALJ found that Plaintiff was not disabled. (R. 14-23.) On September 21, 2017, the Social Security Administration's Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (R. 1-4.)

Plaintiff filed this action on November 20, 2017 and moved for judgment on the pleadings on May 14, 2018. (Pl. Br., D.E. 13-1.) The Commissioner opposed Plaintiff's motion and cross-moved for judgment on the pleadings on August 27, 2018. (Comm'r Br., D.E. 17-1.) Plaintiff opposed the Commissioner's motion and

---

[1] The background is derived from the administrative record ("R") filed by the Commissioner on March 15, 2018. (R., D.E. 12.) For purposes of this Memorandum and Order, familiarity with the administrative record is presumed. The Court's discussion is strictly limited to the challenges and responses raised in the parties' briefs.

2

replied in further support of her motion on October 28, 2018. (Pl. Opp., D.E. 20.)

## DISCUSSION

I. The ALJ's Decision

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally[:]
> - stoop,
> - crouch,
> - crawl,
> - kneel,
> - squat or
> - climb,
>
> and she is limited to[:]
> - simple, unskilled, routine repetitive tasks i[n] a
> - low[-]stress work environment, and she can
> - occasionally interact appropriately with co-workers, the general public and supervisors.

(R. 18 (bullet points added).) The ALJ found that while Plaintiff was unable to perform her past relevant work as a junior high school teacher and community worker, (R. 18, 21), considering her RFC, age, education, and work experience, Plaintiff could make a successful adjustment to work existing in significant numbers in the national economy, (R. 22). The ALJ determined that as a result, Plaintiff was not disabled. (R. 23.)

3

II. Analysis

Plaintiff argues that the ALJ failed to specify what weight he gave to the opinions of her treating physicians, psychiatrist Dr. Antal Borbely and neurologist Dr. Bradley Cohen. (Pl. Br. 12-14.) Plaintiff also argues that the RFC is not supported by substantial evidence because the ALJ did not consider Plaintiff's bilateral carpal tunnel syndrome ("CTS") and because the ALJ did not perform a function-by-function analysis of Plaintiff's abilities. (Pl. Br. at 14-17.)

The Commissioner contends that because substantial evidence supports the ALJ's physical RFC finding, there was no need for the ALJ to conduct a function-by-function assessment. (Comm'r Br. at 13-18.) Additionally, the Commissioner argues that Plaintiff's treating physicians did not give "medical opinions" and that substantial evidence supports the ALJ's mental RFC finding. (Comm'r Br. at 18-23.)

"Before an ALJ classifies a claimant's RFC based on exertional levels of work (i.e., whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), he 'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . .'" Cichocki v. Astrue, 729 F.3d 172, 176 (2d Cir. 2013) (quoting Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P, 1996 WL

374184, at *2 (S.S.A. July 2, 1996) ("SSR 96-8P")). However, remand is not necessary for failure to perform an "explicit function-by-function analysis" "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." Id. at 177.

Here, the ALJ noted that Plaintiff's EMG/NCV (electromyography/nerve conduction velocity) testing was "consistent with a bilateral C5/C6 radiculopathy with bilateral carpal tunnel syndrome." (R. 20.) Those conditions and Plaintiff's complaints of pain and numbness in her fingers and hands are well documented. (E.g., R. 483-84; R. 488-90; R. 507; R. 524; see also R. 231-32.) However, the ALJ did not discuss what impact, if any, Plaintiff's bilateral CTS and C5/C6 radiculopathy would have on her ability to lift, carry, push, pull, feel, finger, or handle, for example. The ALJ found that Plaintiff could perform "light work" with physical limitations only for stooping, crouching, crawling, kneeling, squatting, and climbing. (R. 18.)

Notwithstanding consultative examiner Dr. Wolf's note that there is "[n]o limitation . . . on [the] use of [Plaintiff's] hands for fine or gross activities" and that she is "mildly limited

5

for lifting," (R. 510; see R. 19), the ALJ's failure to explicitly address Plaintiff's capacity to use her hands and fingers is significant: "Light work" requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and may involve "some pushing and pulling of arm . . . controls." 20 C.F.R. § 404.1567(b). Further, based on the VE's testimony, the ALJ found that Plaintiff could perform the work of a routing clerk, photocopy machine operator, or packing line worker. (R. 22.) The jobs of routing clerk and photocopy machine operator require "frequent" handling and fingering, and the job of packing line worker requires "frequent" fingering and "constant" handling. Routing Clerk, Dictionary of Occupational Titles ("DICOT") 222.687-022; Photocopying-Machine Operator, DICOT 207.685-014; Packing-Line Worker, DICOT 753.687-038.

Considering the above, the Court does not find that a function-by-function analysis of possible limitations on the use of Plaintiff's hands and fingers would have been "unnecessary or superfluous." See Cichocki, 729 F.3d at 177 ("Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."). Based on the record, the Court cannot determine whether the ALJ (1) assessed no such limitations or (2) failed to assess whether such limitations were

present.  See SSR 96-8P, 1996 WL 374184, at *4 ("[A] failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions.") Thus, this matter requires remand.[2]  On remand, the ALJ shall conduct a function-by-function analysis of Plaintiff's capacity to perform tasks that could be affected by her bilateral CTS, C5/C6 radiculopathy, and pain and numbness in her fingers and hands, such as her abilities to lift, carry, handle, and finger.

CONCLUSION

For the foregoing reasons, Plaintiff's motion (D.E. 13) is GRANTED and the Commissioner's motion (D.E. 17) is DENIED.  This matter is REMANDED for proceedings consistent with this Memorandum and Order.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September   10  , 2019
         Central Islip, New York

---

[2] Because the Court remands on this ground, it does not reach the other arguments the parties raise in their briefs.